IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Lynn Blackmon, #21490-056, | ) C/A No. 0:09-3035-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Darlene Drew, Warden, | ) |
| Respondent. | ) |

The petitioner, Danny Lynn Blackmon ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Federal Correctional Institution, in Bennettsville, South Carolina, a facility of the Federal Bureau of Prisons. Petitioner contends that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention and that he can therefore bring this Petition under § 2241. Petitioner also contends he is actually innocent of various enhancements and sentencing calculations which were applied in his criminal case. This action should be summarily dismissed because it is clear from the Petition, with attachments, that the relief requested is not available pursuant to § 2241.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton v.

Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).  This court is charged with screening the plaintiff's petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254)

This court is required to construe *pro se* petitions liberally.  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys,  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner was convicted of kidnapping by a jury in the United States District Court for the Eastern District of North Carolina ("sentencing court"), 18 U.S.C. § 1201.[1]  He was found not guilty of four charges of aggravated sexual abuse.  Petitioner was sentenced to 365 months' imprisonment on December 14, 2004.  He filed a direct appeal and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on December 13, 2006.  The United States Supreme Court denied certiorari on April 16, 2007.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 24, 2007, alleging as one of his grounds the ineffectiveness of counsel "for failing to 'properly' object to, and appeal, the district court's abuse of discretion for applying the sentence enhancements in this case."  On December 28, 2007, the sentencing court dismissed Petitioner's § 2255 motion, concluding that "the motion fails to state any claim upon which relief may be granted under § 2255."  On January 18, 2008, Petitioner filed an appeal of the dismissal of his § 2255 motion and a motion for a certificate of appealability.  The sentencing court denied the motion for a certificate of

---

[1] Petitioner states the procedural history of his case in his § 2241 petition.  Further details are found in his criminal case, Crim. No. 7:03-CR-77-1F(1) (E.D.N.C).  See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

Page 3 of 8

PJG

appealability on January 23, 2008. The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on April 24, 2008.

Petitioner now files for habeas relief pursuant to § 2241, invoking the savings clause of § 2255 and claiming that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner claims "actual innocence" of various enhancements and sentencing calculations that were applied in his criminal case. Petitioner quotes in his Petition that "it is well settled that a 'district court's technical application of the Guidelines does not rise to a constitutional issue cognizable under § 2255.' United States v. Pregent, 190 F.3d 279, 285 (4th Cir. 1999)." (Docket No. 1-1 at 3.) Petitioner contends, based on this settled law, that § 2255 is inadequate or ineffective, allowing him to bring this § 2241 action.[2] Petitioner's § 2241 petition seeks to have the Court "review and adjudicate the merits of Petitioner's claims" and "grant the appropriate relief." (Docket No. 1-1 at 8.)

## DISCUSSION

A § 2241 habeas petition generally challenges the execution of a sentence rather than its validity, whereas a direct appeal and § 2255 motion challenge the imposition of the sentence, including its validity. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself"); Evans v. Rivera, 2009 WL 2232807 (D.S.C. July 23, 2009) (habeas petition under § 2241 "attacks the execution of a sentence rather than its validity") (citation

---

[2] Petitioner cannot raise this issue in a second motion under § 2255 because he cannot meet the gatekeeping provision of § 2255 requiring a "new rule of constitutional law." 28 U.S.C. § 2255(h)(2).



omitted). Petitioner's claims in this case attack the legality of the sentence itself, and are not cognizable claims under 28 U.S.C. § 2241.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255, a new post-conviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). The § 2241 habeas remedy is now very limited for federal prisoners challenging the imposition of their sentence, and is confined to the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention may § 2241 be used to seek a remedy. Id.; see In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

Petitioner asserts that the § 2255 remedy is inadequate or ineffective because his challenge is not jurisdictional or constitutional in nature, but, instead, is based on the sentencing court's technical application of the sentencing guidelines. He claims that he is foreclosed from asserting such challenges by way of § 2255. However, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful, or a petitioner is unable to meet the requirements to file a successive § 2255. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). In fact, Petitioner has already challenged the application of the sentencing guidelines to his sentence in his direct appeal and his § 2255 motion in the sentencing court. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and

Page 5 of 8

*PJG*

sentence on direct appeal and dismissed the appeal of his § 2255 motion. The Fourth Circuit's rejection of Petitioner's issues challenging the application of the sentencing guidelines does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*) (the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255); see also Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases).

In Jones, the Fourth Circuit determined that "[t]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." Id. The Jones Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Petitioner's circumstances do not meet these requirements. Petitioner fails to establish that § 2255 is inadequate and ineffective to test the legality of his detention.

Petitioner further contends he is "actually innocent" of the sentencing guidelines applied by the sentencing court. Petitioner does not claim to be actually innocent of his conviction for kidnapping. The reach of the savings clause has not been extended to prisoners who challenge only their sentences. Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009); see also United States v. Poole, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) (noting that the savings clause does not extend to challenges of sentences only). This court can find no legal precedent permitting a



petitioner to challenge his sentence under § 2241 based on being actually innocent of the sentence. Although the Fourth Circuit in United States v. Maybeck, 23 F.3d 888, 894 (4th Cir. 1994), found the petitioner "actually innocent of being a Career Offender because he had only one relevant prior felony conviction instead of the required two (2) predicate felony convictions," the petitioner in Maybeck brought his petition pursuant to § 2255 in the sentencing court. As stated above, a petition under § 2241 is only available if § 2255 is inadequate or ineffective. Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241.

## RECOMMENDATION

According, the court recommends that the habeas Petition in this case be dismissed without prejudice and without requiring a response from the respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).