

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DANNY LYNN BLACKMON, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:09-3035-HFF-PJG |
| | § | |
| DARLENE DREW, Warden, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition be dismissed without prejudice and without requiring a response from Respondent. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 24, 2010, and the Clerk of Court entered Petitioner's objections to the Report on March 2, 2010.

In the Report, the Magistrate Judge concluded that, because Petitioner was attacking the validity of his sentence rather than the execution of his sentence, § 2255 was the more appropriate remedy. Section 2255 proceedings are properly brought in the sentencing court, which was the Eastern District of North Carolina. The Magistrate Judge also concluded that § 2255(e)'s savings clause did not allow this action to be filed under § 2241.

In his Objections, Petitioner declares, "that the Magistrate's position is incorrect. Petitioner is arguing that he is suffering adverse effects of an illegal sentence based on clear technical application of the Sentencing Guidelines, and that he is 'actually' innocent of the sentence imposed based on the misapplication of the Sentencing Guidelines." (Pet'r's Objections 1.) Petitioner goes on to assert that challenges to guideline calculations are not cognizable under § 2255. (Pet'r's Objections 1-2.) Thus, Petitioner maintains that § 2241 is the only avenue under which he can seek relief for his allegedly illegal sentence.

As noted in the Report, the Court of Appeals for the Fourth Circuit has clearly defined the test for when § 2255 is "inadequate or ineffective to test the legality" of one's detention. Section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner fails to point to any change in the law that renders § 2255 "inadequate or ineffective." Thus, his Objections to the Report appear to be without merit.

As noted in the Report, Petitioner filed a § 2255 raising the same challenges that he is raising before this Court, but he was denied relief. Petitioner appears to suggest that, because § 2255 failed to afford him relief, § 2241 is the only avenue of relief he has available. However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Id.* at 333.

Moreover, in a recent case very similar to Petitioner's, Magistrate Judge Marchant rejected the argument that relief under § 2241 is available to address sentencing guideline challenges where § 2255 is not. Citing the same cases Petitioner relies on, Magistrate Judge Marchant noted,

> Petitioner reads *Goines*, *Mikalajunas*, and *Pregent* too broadly and takes some of the court's language in those cases out-of-context. In fact, a similar assertion for application of the § 2255 "savings clause" was thoroughly considered and rejected by one of our sister courts in this circuit-albeit in unpublished opinions-in the cases of *Boone v. Hickey*, No. Civ.A.1:04-1143, 2005 WL 2405940 (S.D.W. Va. Sept. 29, 2005) (rejecting a § 2241 petition claiming inadequacy and ineffectiveness of § 2255 due to *Pregent's* alleged prohibition of sentencing guidelines challenges), *aff'd* 161 Fed. Appx. 279 (4th Cir. 2006). A second sister court also considered the impact of *Mikalajunas* and *Pregent* in the § 2255 context and determined that neither case forecloses all challenges to the sentencing in the § 2255 context; they just set a higher burden for the movant to satisfy when such challenges are asserted. *Mustapha v. United States*, 2005 WL 1667682 (E.D. Va. June 10, 2005) (distinguishing *Pregent* and *Mikalajunas* and considering sentencing guidelines claim in a § 2255 motion where the petitioner's challenge was to fact-finding by sentencing court, not just calculation error, and ineffective assistance could be raised for lack of direct appeal), *aff'd*, 164 Fed. Appx. 431 (4th Cir.2006), *cert. denied*, 549 U.S. 1151, 127 S.Ct. 1026, 166 L. Ed. 2d 773 (2007).

*Atkinson v. Drew*, No. 9:09-3219-TLW-BM, 2010 WL 1038105 (D.S.C. Feb. 12, 2010). In that the Court agrees with Judge Marchant's well-reasoned consideration of this issue, the Court holds that

Petitioner's argument that § 2241 is the proper avenue for relief because § 2255 is inadequate is without merit.

Petitioner also objects to the Magistrate Judge's conclusion that his "actual innocence" claim fails to invoke the protections of § 2255(e)'s savings clause. For the reasons discussed in the Report, the Court agrees with the Magistrate Judge and finds this objection to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition be **DISMISSED** *without prejudice* and without requiring a response from Respondent.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.